ROBERT BERDELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berdell v. Commissioner
Docket No. 2101-91
United States Tax Court
T.C. Memo 1991-529; 1991 Tax Ct. Memo LEXIS 578; 62 T.C.M. (CCH) 1075; T.C.M. (RIA) 91529; October 24, 1991, Filed *578 An order of dismissal for lack of jurisdiction will be entered. Robert Berdell, pro se. Carol Mason, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. The notice of deficiency upon which this case is based was sent by respondent to petitioner at his last known address by certified mail on October 4, 1990, which notice determined a Federal income tax deficiency and additions to tax for 1987. The 90-day period for timely filing the petition *579 with this Court expired on Wednesday, January 2, 1991. The petition was filed with the Court on February 1, 1991, 120 days after the mailing of the notice of deficiency. The envelope in which the petition was mailed bore a certified mail sticker and a private postmeter stamp reflecting the date of December 3, 1990. Petitioner filed an objection to respondent's motion contending that the petition was mailed on December 3, 1990. At the hearing on the motion and objection, a stipulation of facts was filed and testimony was taken. At all relevant times hereto, petitioner resided in Solano Beach, California. The parties have agreed that the normal mailing time between California and Washington, D.C. is three days. Petitioner's 1987 Federal income tax return was prepared by the Maurice Joffe Tax Service, Inc. (Joffe). Joffe assisted petitioner during the audit of his 1987 return. Subsequent to petitioner's receipt of the notice of deficiency, Roy McLang, (McLang) a Joffe employee, prepared the petition. On October 24, 1990, McLang sent petitioner the proposed petition with the instructions to sign and date the petition and return it as soon as possible, together with a check for *580 $ 60 payable to the Court. Petitioner complied with that request. He signed the petition on November 7, 1990, and sent the signed petition, together with a $ 60 check dated November 11, 1990, to Joffe prior to December 3, 1990. McLang testified that he then prepared the green certified mail return receipt card, as well as the receipt for certified mail showing postage of $ 3.20. He affixed the green card and certified mail sticker to the envelope, as well as a postmeter stamp dated December 3, 1990, which he obtained from Joffe's postage meter machine. He testified that he then personally dropped the envelope in a mail box on December 3, 1990. McLang also testified that Joffe maintains an audit log book for every piece of correspondence sent out. The log book also serves as a tickler to show when deadlines exist and that mailings have occurred prior to the deadline. McLang did not produce a copy of the log book. When the Court offered to keep the record open for the receipt of that log book, the offer was declined. [2]
*581 A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Sec. 6213(a). Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. ; ; ; ; . Under this statute, in order to be timely filed, a petition must be received at the Court in Washington, D.C., on or before the 90th day. It is clear that the petition was not so received. However, section 7502(a) provides that if the envelope or wrapper containing the petition bears a United States postmark date which is on or before the last day for filing, the postmark date will be deemed to be the filing date. The date on which the envelope was actually placed in a United States Postal Service box is not the date of filing *582 under section 7502(a). . Here the envelope in which the petition was received bears no postmark placed thereon by the United States Postal Service, but does bear a private metered mail stamp showing a date of December 3, 1990. In such circumstance, we look to section 7502(b), which mandates: "This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary." We must therefore consider the appropriate regulations to resolve this controversy. [3] Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., sets forth the conditions under which section 7502 applies to privately metered mail. This regulation provides that privately metered mail showing a date within the 90-day period (which is the situation herein) is considered timely filed if it is received within the ordinary delivery time for mail postmarked at the same place of origin by the United States Postal Service. The parties have agreed that the normal delivery time was three days, and receipt of the petition by the Court on February 1, 1991, was *583 well beyond that period.
Since petitioner's mail was not received within the ordinary time for delivery, the regulations and the case law require petitioner to establish three facts: (i) that the document was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document; (ii) that the delay in receiving the document was due to a delay in the transmission of the mail; and (iii) the cause of such delay. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; ; *584 Applying the above requirements, we conclude that petitioner has failed to show, initially, that the date of the mailing of the petition was on December 3, 1990. We are not convinced from McLang's testimony that the date of mailing was December 3, 1990. It is far too simple to change the date on a postage meter machine or to forget to mail an envelope. Indeed, when the Court offered to keep the record open to obtain some concurrent record maintained by Joffe to demonstrate the fact that the petition was one of various pieces of correspondence that was mailed that day, the offer was refused. Notwithstanding McLang's sworn testimony, the inference is unmistakable that either (a) the record did not exist or (b) the record did not show the petition was mailed on December 3, 1990. Accordingly, we need not reach the issues relating to the delay in the delivery of the petition to the Court. [4] The petition was not timely filed, nor was the petition timely mailed pursuant to the provisions of section 7502. Accordingly, respondent's motion will be granted, and this case will be dismissed for lack of jurisdiction. *585 An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Mr. Joffe was in the courtroom. When the offer to keep the record open was made, he and petitioner conferred off the record, whereupon the offer was refused.↩
3. The regulations under section 7502(b) have been held to be valid. , affg. per curiam a Memorandum Opinion of this Court; , affd. per curiam .↩
4. We note for completeness that petitioner has not presented any evidence to show that the delay in receiving the petition was due to a delay in the transmission by the Postal Service nor the cause of such delay.↩